UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAYVION D. BLOUNT,

                     Plaintiff,

v.                                                    5:22-CV-0216 (GTS/TWD)

APPLES, Onondaga Cty. Sheriff's Deputy; CAMPANEO, Onondaga Cty. Sheriff's Deputy; SULLIVAN, Onondaga Cty. Sheriff's Deputy; DAUGHTON, Onondaga Cty. Sheriff's Deputy; LINNERTZ, Onondaga Cty. Sheriff's Deputy; VOGGEL, Syracuse Police Officer; WILLIAMS, Onondaga Cty. Sheriff's Deputy; PETERSON, Onondaga Cty. Sheriff's Deputy; McDONALD, Onondaga Cty. Sheriff's Deputy; PASSINO, Onondaga Cty. Sheriff's Deputy; LANG, Onondaga Cty. Sheriff's Deputy; GUILLAUME, Onondaga Cty. Sheriff's Deputy Captain; DOBER, Onondaga Cty. Sheriff's Deputy Grievance Coordinator; NURSE TAYLOR, Onondaga Cty. Justice Ctr. Nurse; THOMAS MALONEY, Onondaga Cty. Justice Ctr. Nurse; ANNIE MARIE PARKER, Onondaga Cty. Justice Ctr. Physician's Assist.,

                     Defendants.
_____

APPEARANCES:

SAYVION D. BLOUNT, 20-A-1115
   Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

    Currently before the Court, in this *pro se* civil rights action filed by Sayvion D. Blount

("Plaintiff") against the sixteen above-captioned individuals ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that certain claims in Plaintiff's Complaint be *sua sponte* dismissed for failure to state a claim, and that the remaining claims in Plaintiff's Complaint survive the Court's *sua sponte* review, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 7, 8.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety.

## I.  STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.    ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in those parts of the Report-

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds only one point.

Plaintiff's Objections specifically challenge only two portions of the Report-Recommendation: (1) the correct spelling of the last name of the defendant identified in the Report-Recommendation as "Lang" (which should be "Lavy"); and (2) a perceived inconsistency between Magistrate Judge Dancks' purported finding (on page 15 of her Report-Recommendation) that a "grievance is not a constitutionally protected right and does not by being violated give rise to a 1st or 14th amendment clams under 42 U.S.C. Section 1983" and her later finding (on page 16) that filing a grievance "is a constitutionally protected activity" under the First Amendment. (Dkt. No. 8.) The first challenge presents an issue that Magistrate Judge Dancks has indicated, in her Text Order of May 18, 2022, that she would address after the issuance of this Decision and Order. (Dkt. No. 10.) The second challenge misreads Magistrate Judge Dancks' finding on page 15 of her Report-Recommendation, which actually states, "*The alleged grievance procedure violations* accordingly do not give rise to First or Fourteenth Amendment claims that could be brought under 42 U.S.C. § 1983." (Dkt. No. 7, at 15.) In other words, the law draws a distinction between whether the filing of a grievance is protected activity for purposes of the first element of a retaliation claim under the First Amendment, and whether the failure to properly process that grievance (e.g., through providing a blank grievance form, accepting a completed grievance, forwarding that grievance, responding to that grievance, or

5

delivering that response) gives rise to a due process claim under the Fourteenth Amendment or a right-to-petition claim under the First Amendment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED with prejudice**: (1) Plaintiff's grievance-procedure claims against Defendants Campaneo, Sullivan, Apples, Daughton, O'Connell, Kenney, Williams, Dober, Guilliame, McDonald, and Peterson; and (2) Plaintiff's Sixth and Fourteenth Amendment against Defendants McQuillan, Young, Sunser, and Hansen; and it is further

**ORDERED** that the Clerk of Court shall do as follows: (1) provide the superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form (Dkt. No. 3) and notify that official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915 through periodic withdrawals from his inmate accounts; (2) provide a copy of Plaintiff's authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and (3) issue summonses and forward them, along with a copy of the Complaint (Dkt. No. 1), to the United States Marshal for service upon Defendants Voggel, Linnertz, Taylor, Parker, Maloney, Daughton, and McDonald, and the Defendant currently identified as "Lang" but soon to be identified as "Lavy"; and it is further

**ORDERED** that the following Defendants shall file a formal response to Plaintiff's Complaint (Dkt. No. 1) as provided for in the Federal Rules of Civil Procedure subsequent to

service of process: Voggel, Linnertz, Taylor, Parker, Maloney, Daughton, and McDonald, and

and the Defendant currently identified as "Lang" but soon to be identified as "Lavy."

**The Court certifies that an appeal from this Decision and Order would not be taken in good faith.**

Dated: June 13, 2022
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge